J. W. JACKSON AND E. H. McNEILL, CO-PARTNERS UNDER
THE FIRM NAME OF JACKSON & McNEILL, PLAINTIFFS IN
ERROR, v. ARIPEKA SAW MILLS, A CORPORATION UNDER
THE LAWS OF GEORGIA, DEFENDANT IN ERROR.

1. A personal action will not lie in favor of a purchaser of a
portion of lands against one who has acquired timber
rights thereon theretofore conveyed, merely because the
conveyance recites that all covenants and agreements
shall "run with the land" and enure to the benefit of the
assigns, wherein the plaintiff seeks to recover the de-
ferred payments and shows such payments were evi-
denced by negotiable notes that are in the hands of third
parties.

2. Deferred payments for timber rights in the form of negotia-
ble notes in the hands of third parties do not constitute
a renting and require a payment of a specific sum to the
purchaser of the land whereon the timber stands.

This case was decided by Division A.

Writ of Error to Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the
court.

*Wm. Hocker*, for Plaintiffs in Error.

*G. C. Martin*, for Defendant in Error.

COCKRELL, J.: In June, 1901, L. B. Varn & Co. con-
tracted to convey certain timber rights on lands in Her-
nando county to one John J. McDonough, his heirs and
assigns, upon the payment of the agreed consideration,

which was divided into five annual payments, represented by negotiable promissory notes, it being optional, however, with the maker of the notes to anticipate the times of payment. There were various other covenants, stipulations and agreements not necessary to be set out other than the twelfth paragraph, which will be copied in full: "12. And it is further covenanted and agreed by and between the parties hereto that the covenants and agreements herein contained to be kept and performed by the party of the second part, his heirs and assigns, being a part of the consideration moving to the parties of the first part, are covenants running with the land and timber respectively, and as such shall be embodied in any deed made in pursuance of said bond for titles and in any deeds, mortgages or other conveyances made by the party of the second part, his heirs or assigns, and in like manner covenants and agreements herein contained, be kept and performed by the parties of the first part, being a part of the consideration moving to the party of the second part, are covenants running with their lands, naval stores plants and business, and as such shall be embodied in any deed, mortgage or other conveyance of such lands, plants and business that they may make and in any deed, mortgage or other conveyance thereof that may be made by their heirs or assigns." These contracts were duly acknowledged and recorded.

The declaration sets out in full the whole contract, including execution and acknowledgment, and alleges the sale of the lands or part of them in December, 1901, by Varn & Company to certain parties who took possession thereof, the sale in 1903 by those parties of the lands and all rights under the contract to the plaintiffs and one Black, and the purchase by the plaintiffs of Black's inter-

est in 1905, just before this action was begun; the plaintiffs and their predecessors have been in possession of the lands turpentining the trees. It is further alleged that after the execution of the contract the said McDonough transferred his rights under the contract to the Title Guaranty & Trust Company, which in turn transferred all its rights thereunder to the Aripeka Saw Mills, the defendant which has entered upon the lands and claims the timber thereon; it is further declared that Varn & Company and their successors' have performed their part of the contract and that the time has elapsed for the payment of the purchase money, but that the defendant and its predecessors have failed to pay said purchase price—and plaintiffs claim damages.

We shall not set out at length the declaration with its various counts covering twenty-odd typewritten pages. Demurrers thereto were sustained and the plaintiffs declining to amend, final judgment for the defendant was entered.

There is no allegation anywhere in the declaration that the Aripeka Saw Mills promised to pay any money to anybody, and yet the action is purely a personal one. Stress is laid in the argument here that the contracts provided that all the provisions therein should be covenants running with the land and be embodied in any deed, mortgage or other conveyance made by either party, their heirs or assigns respectively.

Waiving the failure to allege that the original deed from Varn & Company contained any provision conveying rights under the contracts to the grantee therein, and also a doubt as to whether the plaintiffs own the lands in fee or are invested only with the turpentine privilege, it

is difficult to see how the mere payment of the purchase money can be made a covenant running with the land so as to bind personally a successor in interest to the payment to a purchaser of part of the reversion the consideration that has been put in the form of negotiable notes payable to the order of the original owner of the title and which the present owner not only fails to allege that he holds but goes further and says are in the hands of parties unknown.

There is no privity of contract shown here to base a a personal action upon; nor is there a question of rent involved, a theory upon which it is sought here to sustain the declaration.

The authorities cited by the plaintiffs in error in so far as they are in point show that the declaration is fatally defective.

The judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR and PARKHILL, JJ., concur in the opinion;

HOCKER, J., disqualified.